UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALCOLM CROOK, )<br>        )<br>    Petitioner, )<br>v.           )<br>           )<br>AL PARKE,       )<br>           )<br>    Respondent. ) | No. 1:07-cv-886-DFH-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

  Malcom Crook ("Crook") is a state prisoner who was disciplined in a proceeding identified as No. ISF 07-02-314 at the Pendleton Correctional Facility for unauthorized use of a controlled substance. The evidence supporting the conduct board's determination as to this finding is that on February 3, 2007, a urine specimen was collected from Crook and forwarded to an outside laboratory, where it tested positive for the presence of THC, the active ingredient in marijuana. These test results were forwarded to prison authorities, where a charge was issued and Crook was notified and found guilty after a hearing was conducted on March 1, 2007. Contending that the proceeding was constitutionally infirm, Crook now seeks a writ of habeas corpus.

**I.**

**A.**

  A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375F.3d 643, 649 (7th Cir. 2004).

  "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Crook was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Crook received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Crook was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. All these things are evident from the face of the pleadings and the expanded record.

Crook's claims in his petition for a writ of habeas corpus relief do not, in fact, support the relief he seeks.

- Crook's various specifications that prison authorities failed to comply with prison regulations in conjunction with the charge, resolution, and administrative review in No. ISF 07-02-314 do not support a cognizable claim for relief pursuant to § 2254(a). *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

- Crook's remaining challenge is that he was denied evidence. However, the expanded record shows that he was given the opportunity to request witnesses and evidence when notified of the charge, but he declined to do so. An inmate cannot wait until the day of the hearing to request witnesses. *Sweeney v. Parke,* 113 F.3d 716, 719-20 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765-66 (7th Cir. 2001). Even so, moreover, there is no documentation of any request for evidence anywhere on the hearing report. Finally, Crook has not shown prejudice from being denied the list of randomly generated drug tests which had been ordered, and does not show how such a list would have invalidated the results of his test in No. ISF 07-02-314 or the directions for the test itself.

**II.**

Prison administrators have the right, within the parameters established by *Wolff* and *Hill*, to adopt and enforce standards of behavior for the inmates whose lives they necessarily regulate to a large degree.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings that entitle Crook to relief in this case. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the petition itself or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date: 12/18/2007